IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK TRUST COMPANY AMERICAS AS INDENTURE TRUSTEE FOR THE REGISTERED HOLDERS OF SAXON ASSET SECURITIES TRUST 2005-3 MORTGAGE LOAN ASSET BACKED NOTES, SERIES 2005-3,

    Plaintiff,

    v.

PRIVADO M. ILAGAN; GLORIA E. ILAGAN; and DOES 1 through 5, inclusive,

    Defendants.

No. 2:12-cv-00382 JAM KJN PS

ORDER and FINDINGS AND RECOMMENDATIONS

Presently before the court is plaintiff's motion to remand this unlawful detainer action to the Superior Court of California for the County of Sacramento ("Superior Court"), which also seeks a recovery of attorney's fees and costs (Dkt. No. 9).[1] Defendant Gloria Ilagan failed to file a written opposition or other response to plaintiff's motion to remand, and defendant Privado Ilagan has not appeared in this action.

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g). Having reviewed the moving papers and record in this case, the undersigned recommends that plaintiff's motion to remand be granted and that this case be remanded to the Superior Court on the grounds that this court lacks federal subject matter jurisdiction over plaintiff's unlawful detainer claim. The undersigned recommends that plaintiff's request for attorney's fees and costs be denied.

I.   BACKGROUND

On November 10, 2011, plaintiff initiated a limited civil case[2] in the Superior Court by filing a Verified Complaint for Unlawful Detainer, which notes that the amount demanded "is less than $10,000.00" ("Complaint"). (Compl. at 1, attached as Ex. A to Notice of Removal; see also Pl.'s Req. for Judicial Notice, Ex. 2.)[2] Plaintiff seeks to recover possession of the subject residential property located in Sacramento, California. (Compl. ¶ 2.)

The Complaint alleges that on or about October 20, 2011, plaintiff became the owner of the property by purchasing it at a trustee's sale following foreclosure proceedings, and that plaintiff perfected title in its own name. (Compl. ¶ 3.) Attached to the Notice of Removal is a Trustee's Deed Upon Sale recorded with the Sacramento County Recorder's office on October 26, 2011. (See also Req. for Judicial Notice, Ex. 3.) The Trustee's Deed Upon Sale reflects that the defendants are husband and wife and the former owners of the property whose loan default

---

[2] A limited civil action in the California Superior Courts is one where the "whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less." See Cal. Civ. Proc. Code § 86(a)(4).

[2] The court grants plaintiff's request for judicial notice, which requests that the court take notice of Superior Court filings, the Notice of Removal filed in this court, and publicly recorded documents. The court may take judicial notice of court records and other matters of public record. See, e.g., Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995). The court notes that it was unnecessary for plaintiff to request judicial notice of the Notice of Removal, which is already part of this court's file.

2

led to the foreclosure proceedings.  (Trustee's Deed Upon Sale at 1.)

Plaintiff alleges that on or about November 3, 2011, it provided defendants with a notice to vacate the premises and deliver possession of the property within three days if they were the previous owners, which readily appears to be the case.  (Compl. ¶ 6; see also Notice to Quit, Nov. 2, 2011, attached to Notice of Removal; Trustee's Deed Upon Sale at 1).  Plaintiff alleges that defendants failed to timely vacate and deliver possession of the property and continue to possess and occupy the property.  (Compl. ¶¶ 5, 7.)  Through this action, plaintiff seeks: (1) restitution of the premises, (2) damages for unlawful detention at a rate of $60 per day of hold-over occupancy from the expiration of the notice to vacate through the entry of judgment; and (3) costs of suit.  (Id. at 2.)

Defendant Gloria Ilagan demurred to the Complaint in the Superior Court on November 29, 2011.  (Demurrer, attached as Ex. B to Notice of Removal.)  Gloria Ilagan's demurrer was "based on defective notice, i.e., the Notice to Occupants to Vacate Premises, failed to comply with The Protecting Tenants at Foreclosure Act [12 U.S.C. §5220]."  (Notice of Removal ¶ 8; see also id. ¶ 1; Notice of Demurrer & Demurrer at 2.)  The Notice of Removal alleges that the Superior Court overruled the demurrer.  (Notice of Removal ¶ 9.)  Gloria Ilagan filed an Answer to the Complaint on December 29, 2011.  (Req. for Judicial Notice, Ex.4.)

On February 15, 2012, Gloria Ilagan removed this unlawful detainer action to federal court pursuant to 28 U.S.C. § 1441(a), asserting that this court has subject matter jurisdiction over plaintiff's claim pursuant to 28 U.S.C. § 1331.[3]  (Notice of Removal ¶¶ 6, 10.)  She asserts that "[f]ederal question jurisdiction exists because Defendants' [sic] demurrer, a pleading depend on the determination of Defendants' [sic] rights and Plaintiff's duties under federal law."  (Id. ¶ 10.)  The implication of Gloria Ilagan's statement appears to be that she

---

[3]  The Notice of Removal does not assert that this court can exercise subject matter jurisdiction over plaintiff's unlawful detainer claim based on the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

believes this case was removable on the basis of her defense to the unlawful detainer action premised on the adequacy of the notice to quit under the Protecting Tenants at Foreclosure Act of 2009. Defendant Privado Ilagan did not join in the removal, and the record does not suggest that he consented to the removal.

On June 27, 2012, plaintiff appeared in this court and filed its motion to remand, but only after prompting by the court. (See Order to Show Cause, Dkt. No. 7.) Plaintiff argues that this court lacks subject matter jurisdiction over its single unlawful detainer claim, that Gloria Ilagan's removal was untimely, and that the Notice of Removal is "defective in form and content."[4] As noted above, Gloria Ilagan failed to oppose or otherwise respond to the motion to remand, and Privado Ilagan has not yet appeared in federal court.

II.   LEGAL STANDARDS

In relevant part, the federal removal statute provides:
(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert. denied, 131 S. Ct. 65 (2010). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (citation and quotation marks omitted).

Additionally, a federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors

---

[4] In light of the conclusion set forth below that the court lacks subject matter jurisdiction, the undersigned declines to address plaintiff's arguments that the removal was untimely or, oddly, "defective in form and content." Additionally, plaintiff's arguments other than an argument premised on the lack of subject matter jurisdiction are untimely given the late filing of the motion to remand. See 28 U.S.C. § 1447(c).

4

Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). Because subject matter jurisdiction may not be waived by the parties, a district court must remand a case if it lacks jurisdiction over the matter. Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

III. DISCUSSION

Gloria Ilagan's Notice of Removal asserts that removal was proper on the basis of the court's federal question jurisdiction. (See Notice of Removal ¶¶ 6, 10.) For the reasons that follow, the undersigned concludes that removal was defective for want of unanimous removal and that in any event, this court lacks subject matter jurisdiction over plaintiff's claim. The undersigned also recommends that plaintiff's request for attorney's fees and costs be denied.

A. The Propriety of Removal to Federal Court

Before addressing the question of subject matter jurisdiction, the undersigned notes that Gloria Ilagan's removal of the unlawful detainer case to this court is facially defective. In short, despite being served with the Complaint (Req. for Judicial Notice, Ex. 2 (Proof of Service of Summons)), defendant Privado Ilagan did not join in the removal, and there is no evidence in the record that suggests Privado Ilagan consented to the removal. A general rule referred to as the "rule of unanimity" provides that "all defendants must consent to or join in a removal" of a case to federal court. Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 933 (9th Cir. 2010) (citing Chicago Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900)); accord Proctor v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009); see also 28 U.S.C. § 1446(b)(2)(A). Accordingly, Gloria Ilagan's removal was defective.

Turning to the question of jurisdiction, district courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091; see also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

Here, plaintiff filed its Complaint in the Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint. See, e.g., U.S. Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-

1 CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

Despite the fact that Gloria Ilagan failed to oppose plaintiff's motion to remand, the undersigned briefly addresses the suggestion in the Notice of Removal that this court has subject matter jurisdiction over plaintiff's claim because plaintiff's three-day notice to vacate the premises allegedly violated the Protecting Tenants At Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat. 1660 (2009) (the "Act"). (See Notice of Removal ¶¶ 8-10.) Insofar as Ms. Ilagan's argument is concerned, the Act provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants. See SD Coastline LP v. Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010) (unpublished).

As an initial matter, it does not appear that Gloria and Privado Ilagan were bona fide tenants who resided in a foreclosed property. Instead, it appears that they were defaulting former owners of the subject property who were subjected to foreclosure proceedings. Accordingly, it is questionable whether the Act even applied to defendants.

In any event, federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act. See, e.g., Parkland Sec., Inc. v. Carey, Civ. No. S-11-3281 GEB GGH PS, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at *2-3; Aurora Loan Servs., LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished). Such rejection is based on the fact that an argument relying on the Act's notice provision is an attempt to premise this court's subject matter jurisdiction on a defense or a counterclaim. An anticipated defense or counterclaim cannot establish a federal question because such a defense or counterclaim does not appear on the face

////

of the complaint.[5]  See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); accord Takeda v. Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); SD Coastline LP, 2010 WL 4809661, at *2-3 (concluding that unlawful detainer defendant's claim or defense based on the Protecting Tenants at Foreclosure Act of 2009 cannot serve as a basis for removal jurisdiction).

In short, no federal question is present on the face of plaintiff's Complaint. Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's single claim for unlawful detainer brought pursuant to California law.

### B. Plaintiff's Request for Attorney's Fees and Costs

Plaintiff argues that it is entitled to recover its attorney's fees and costs incurred in moving to remand this action to the Superior Court.  It contends that the removal, effectuated by a party proceeding without counsel, was untimely, improper, and designed to frustrate the summary nature of unlawful detainer proceedings.  Plaintiff requests an award of $1,600.  (Mot. to Remand at 8; Gonzalez Decl. ¶¶ 3-4.)[6]  The undersigned recommends that plaintiff's request be denied.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the

---

[5]  Additionally, federal district courts have concluded that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished).

[6]  The undersigned notes that, as with prior form declarations filed by counsel in this court, the Declaration of Janine Gonzalez contains two paragraphs numbered "4."

8

1 removal." The United States Supreme Court has confirmed that such an award is permissive
2 and left to the discretion of the district court, but is not automatic or even presumptive. See
3 Martin v. Franklin Capital Corp., 546 U.S. 132, 136-40 (2005). Indeed, in Martin, the Court held
4 that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only
5 where the removing party lacked an objectively reasonable basis for seeking removal.
6 Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141.
7      Here, the undersigned cannot conclude that Gloria Ilagan, who does not appear to
8 be an attorney and is proceeding pro se, lacked an objectively reasonable basis for removal. Ms.
9 Ilagan believed that subject matter jurisdiction existed by reason of a potential defense or
10 counterclaim, but was mistaken. However, that determination was by no means patently
11 obvious, at least to a non-attorney. Additionally, at least some of plaintiff's arguments are barred
12 or were waived on the basis of its untimely motion to remand. Under these circumstances, the
13 undersigned concludes that sanctions would be inappropriate, if not inequitable, and recommends
14 that plaintiff's request for attorney's fees be denied.

15 IV.   CONCLUSION
16      For the reasons stated above, IT IS HEREBY ORDERED that:
17      1.   Plaintiff's motion to remand is submitted without a hearing, and the
18 August 2, 2012 hearing on plaintiff's motion is VACATED.
19      2.   Plaintiff's request for judicial notice is granted.
20      Additionally, IT IS HEREBY RECOMMENDED that:
21      1.   Plaintiff's motion to remand (Dkt. No. 9) be granted and that this matter
22 be remanded to the Superior Court of California, County of Sacramento.
23      2.   Plaintiff's request for attorney's fees and costs be denied.
24      3.   This case be closed and all dates vacated.
25      These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

       IT IS SO ORDERED and RECOMMENDED.

DATED: July 24, 2012

                                  KENDALL J. NEWMAN
                                  UNITED STATES MAGISTRATE JUDGE